UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAQUAN JACKSON, | Civil Action No. 21-12864 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NEWARK POLICE DEPARTMENT FUGITIVE TASK FORCE, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about June 22, 2021, Plaintiff, a prisoner confined in FCI Hazelton, filed his initial complaint in this matter in which he sought to raise claims against various members of the Newark Police Department for alleged constitutional violations committed during his arrest and a search of his former residence in June 2017. (ECF No. 1).

2. Because Plaintiff did not pay the applicable filing fees or submit an application to proceed *in forma pauperis*, this Court terminated this matter on June 24, 2021. (ECF No. 3).

3. Plaintiff thereafter filed a completed application to proceed *in forma pauperis*. (ECF No. 4). Having reviewed that application, this Court finds that Plaintiff is entitled to proceed *in forma pauperis*, and his application (ECF No. 4) is therefore granted.

4. Because Plaintiff is being granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

2

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. In his complaint in this matter, Plaintiff seeks to bring various claims against Newark Police Officers for actions which occurred in June 2017. (Document 1 attached to ECF No. 1 at 1-6). These claims include claims for excessive force, illegal search and seizure, and denial of medical care.[1] (*Id.*) Each claim relates directly to events which took place on the same date in June 2017. (*Id.*). Plaintiff also states that he wishes to bring state law claims for illegal search and seizure, battery, and negligence. (*Id.*).

8. Actions brought pursuant to § 1983 in New Jersey are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Most § 1983 claims, including excessive force claims, accrue at the time of the alleged injury. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007). False arrest and false imprisonment claims, however, accrue by the time the plaintiff is held over through legal process – i.e., after he is arraigned following his arrest. *Wallace*, 549 U.S. at 389-91.

9. Although it is not clear when Plaintiff was arraigned by state judges following his arrest, in November 2017, he appeared before Judge Salas on weapons charges, presumably arising out of the arrest about which he complains, and was arraigned. (*See* Docket No. 17-411 at ECF No. 8). He thereafter pled guilty to a weapon possession charge and was sentenced in May 2019. (Docket No. 17-411 at ECF No. 34). It is thus clear that all of Plaintiff's claims, including his

---

[1] Plaintiff also briefly mentions being "confined in segregation" in violation of his Due Process rights, but he provides no factual allegations in support of this claim – he does not state what sort of segregated custody he was placed in, who placed him in such custody, when this occurred, or when the custody concluded. To the extent Plaintiff intended this claim to serve as a standalone claim for relief, it is therefore dismissed without prejudice for failure to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79.

false arrest/imprisonment claim, had accrued by, at the absolute latest, November 2017. *Wallace*, 549 U.S. at 389-91; *Kach*, 589 F.3d at 634. The statute of limitations applicable to Plaintiff's § 1983 claims had therefore expired, absent some basis for equitable tolling, by November 2019, more than a year and a half before he filed suit in this matter. As this Court can perceive no basis for equitable tolling from the information provided in Plaintiff's complaint, all of Plaintiff's federal claims thus appear to be well and truly time barred. Plaintiff's § 1983 claims are therefore all dismissed without prejudice as untimely. To the extent he believes he can present a basis for the tolling of his limitations period, Plaintiff may file an amended complaint asserting that basis within thirty days.

10. Because this Court will dismiss all of the claims over which it has original jurisdiction, this Court in turn declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.[2] 28 U.S.C. § 1367(c)(3). Plaintiff's complaint will therefore be dismissed without prejudice in its entirety.

11. In conclusion, Plaintiff's complaint (ECF No. 1) is dismissed without prejudice. An appropriate order follows.

Dated: August 24, 2021

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

---

[2] Although this Court does not reach the merits of Plaintiff's state law tort claims, the Court notes that personal injury causes of action, such as the state law claims Plaintiff raises in this case, are also subject to a two-year statute of limitations, s*ee Patyrak*, 511 F. App'x at 195, and his state law claims may therefore also be time barred.